

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 6, 1975

The Honorable Fred P. Holub
County Attorney
Matagorda County
P. O. Box 1527
Bay City, Texas 77414

Opinion No. H-734

Re: Whether an independent
school district may contract
with one of its trustees to fur-
nish garbage pickup where no
one else in the area is in the
business of providing such ser-
vice.

Dear Mr. Holub:

You have requested our opinion regarding whether an independent school
district may contract with a member of its board of trustees to furnish garbage
pickup where the trustee operates the only garbage pickup service in the area.

On the basis of the 1925 decision in Meyers v. Walker, 276 S. W. 305 (Tex.
Civ. App. --Eastland. 1925, no writ), this Office has long held that a contract
in which a public official has a direct or indirect pecuniary interest is void as
against public policy, no matter how honest the official may be and even though
he may not be influenced by such interest. Attorney General Opinions 0-1589
(1939), 0-1014 (1939), 0-878 (1939). In Attorney General Opinion H-695 (1975),
we concluded that a contract to perform autopsies, entered into between the
director of a health district and a medical firm of which he was a member was
against public policy, despite the fact that the members of this firm were the
only practicing pathologists in the county. In another recent instance in which
an argument of "necessity" was urged upon us, we held that a district judge
should not appoint either his grand-nephew or the district probation officer to
represent an indigent defendant, even though they were the only attorneys in the
district available for such appointment. Letter Advisory No. 111 (1975).

We are not aware of any judicial decision in which contracts which are in-
trinsically void as against public policy have been validated on the basis of the
doctrine of necessity. Neither do we believe that such a contract would be valid
merely because the trustee in question refrained from participating in the dis-
cussion and vote on the award of the contract to him. It is our opinion that, what-
ever the exigent circumstances, an individual school district should not contract

with one of its trustees to furnish garbage pickup.

### SUMMARY

An independent school district should not contract with one of its trustees to furnish garbage pickup even though said trustee operates the only garbage pickup service in the area.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: